UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Kenneth Carson,<br><br>PETITIONER<br><br>v.<br><br>Bryan K. Dobbs, Warden,<br><br>RESPONDENT | Case No. 0:21-cv-01467-TLW<br><br>**Order** |

This matter comes before the Court for consideration of Petitioner Kenneth Carson's pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons stated below, the Court dismisses his petition.

## I. Factual and Procedural History

### A. Federal prosecution

In October 2002, Carson was charged with armed bank robbery in violation of 18 U.S.C. § 2113, possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). ECF No. 23 (02-00813).[1] He pled guilty to all three charges. ECF Nos. 68, 69 (02-00813).

Carson was sentenced as an armed career criminal to a total of 360 months

---

[1] Citations to documents filed in the underlying criminal case—No. 4:02-cr-00813 (D.S.C.)—will be in the format of "ECF No. ___ (02-00813)," while citations to documents filed in this habeas case will be in the format of "ECF No. ___ (21-01467)."

imprisonment, consisting of 276 months on the robbery and felon in possession counts, and 84 months consecutive on the § 924(c) count. ECF No. 84 (02-00813). He filed a direct appeal, but the Fourth Circuit affirmed. *United States v. Carson*, 164 F. App'x 433 (4th Cir. 2006).

### B.   Prior habeas petitions

In January 2007, Carson filed a pro se petition under 28 U.S.C. § 2255, which the Court dismissed on the merits after briefing. ECF Nos. 99, 122 (02-00813). He filed a direct appeal, but the Fourth Circuit dismissed the appeal for failure to prosecute. *United States v. Carson*, No. 09-6509 (4th Cir.), ECF No. 8.

In May 2016, after receiving permission from the Fourth Circuit to file a successive petition, Carson filed another § 2255 petition seeking resentencing without the ACCA enhancement. ECF No. 145 (02-00813). After briefing, the Court denied his petition. ECF No. 262 (02-00813). He filed a direct appeal, but the Fourth Circuit declined to issue a certificate of appealability and dismissed his appeal. *United States v. Carson*, 823 F. App'x 230 (4th Cir. 2020).

### C.   Current habeas petition

In the § 2241 petition now before the Court, Carson raises a single argument: that in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), his felon in possession conviction should be vacated because he did not admit to all of the elements of the charge. *See* ECF No. 1 at 6 (21-01467). The magistrate judge to whom this case was assigned did not direct the Government to respond to the petition and instead issued

a Report and Recommendation (Report), concluding that the petition should be summarily dismissed for lack of jurisdiction. ECF No. 9 at 4 (21-01467). Carson objected, arguing that the Court does, in fact, have jurisdiction to consider his petition.[2] ECF No. 13 at 6 (21-01467).

This matter is now ripe for decision.

## II. Discussion

### A. Background regarding *Rehaif* and *Greer*

Before addressing the petition itself, a background discussion of *Rehaif* and the more recent *Greer* case is warranted.

As relevant here, § 922(g)(1) provides that it is "unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition."[3] 18 U.S.C. § 922(g)(1). Then, § 924(a)(2) provides that "[w]hoever *knowingly* violates subsection [(g)] of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both." 18 U.S.C. § 924(a)(2) (emphasis added).

Prior to *Rehaif*, it was broadly understood that the word "knowingly" in

---

[2] He also filed a motion for an extension of time to file his objections due to COVID restrictions in his institution. ECF No. 11 (21-01467). That motion is **GRANTED**.

[3] Although the specific language in § 922(g)(1) is that the prior conviction must be for "a crime punishable by imprisonment for a term exceeding one year," the Court will use shorthand references to a "felony conviction" or similar phrasing.

3

§ 924(a)(2) only modified a defendant's possession of a firearm, not his felon status. *See, e.g., United States v. Langley*, 62 F.3d 602, 605–06 (4th Cir. 1995) (en banc). Thus, courts understood a felon in possession conviction to require proof beyond a reasonable doubt of three elements: (1) a prior felony conviction; (2) knowing possession of a firearm; and (3) the firearm traveled in interstate or foreign commerce at some point during its existence. *See id.* at 606. Consistent with that understanding, Carson's plea agreement set out those three elements.

In *Rehaif*, the Supreme Court expanded the knowledge requirement when it concluded that "knowingly" modifies not just a defendant's possession of a firearm, but also his status.[4] *See Rehaif*, 139 S. Ct. at 2194. Thus, it is now clear that there is a fourth element to a felon in possession charge: at the time of the firearm possession, the defendant knew that he had a prior felony conviction. *See Greer v. United States*, 141 S. Ct. 2090, 2095 (2021) ("In felon-in-possession cases after *Rehaif*, the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm.").

The Supreme Court's recent *Greer* decision was a consolidated appeal with two defendants and involved the issue of whether they were entitled to plain-error relief

---

[4] The defendant in *Rehaif* was prohibited from possessing a firearm under § 922(g)(5)(A) due to his status as an alien who was illegally or unlawfully in the United States, rather than the more commonly-prosecuted situation where the firearm possession is prohibited under subsection (g)(1) due to a defendant's status as a felon. But the knowledge-of-status requirement applies regardless of which status category the defendant falls into under subsection (g). *See Rehaif*, 139 S. Ct. at 2194 ("To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.").

4

on direct appeal for unpreserved *Rehaif* errors. *Id.* at 2096. The Supreme Court held that a defendant in that situation satisfies the plain-error test only if he can show that the *Rehaif* error affected his substantial rights, which requires him to "show[ ] a 'reasonable probability' that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different." *Id.* at 2097. The Supreme Court noted that this is a difficult requirement to meet because "[i]f a person is a felon, he ordinarily knows he is a felon. 'Felony status is simply not the kind of thing that one forgets.'" *Id.* (quoting *United States v. Gary*, 963 F.3d 420, 423 (4th Cir. 2020) (Wilkinson, J., concurring in denial of reh'g en banc)). The Supreme Court held that neither defendant could satisfy that test because both had multiple felony convictions and neither asserted that they would have made the argument that they did not know they were felons when they possessed firearms. *Id.* at 2097–98.

Carson is in an even more difficult situation than the defendants in *Greer* because his case is not on direct appeal. Instead, the issue for him is whether he can use habeas corpus to successfully challenge his pre-*Rehaif* conviction for being a felon in possession of a firearm. The Court concludes that he cannot, so habeas relief is not appropriate.

### B.    Jurisdiction under § 2241

The first question the Court must resolve is whether it has jurisdiction to consider Carson's § 2241 petition. The Court recently considered in detail this issue in a virtually-identical case, concluding that the Court has jurisdiction to consider a pre-*Rehaif* defendant's § 2241 petition under § 2255's savings clause after applying

the standards set forth in *In re Jones*, 226 F.3d 328 (4th Cir. 2000). *See Moore v. Warden of FCI Edgefield*, ___ F. Supp. 3d ___, ___, 2021 WL 3828828, at *4–5 (D.S.C. 2021). In light of the referenced analysis in *Moore*, the Court will not restate that analysis here. For the reasons set forth in *Moore*, the Court concludes that it has jurisdiction to consider Carson's petition.

C. Merits

Although Carson's satisfaction of § 2255's savings clause opens the doors of the courthouse for consideration of his petition, he cannot succeed on the merits.

A habeas petitioner is not entitled to relief on the merits based on a trial error unless he can show that it resulted in actual prejudice to him. *Davis v. Ayala*, 576 U.S. 257, 267 (2015). This requires "more than a reasonable possibility that the error was harmful." *Id.* at 268 (citation omitted). "Under this test, relief is proper only if the federal court has grave doubt about whether a trial error . . . had substantial and injurious effect or influence in determining the jury's verdict." *Id.* at 267–68 (citation omitted).

In Carson's case, the Court does not have "grave doubt" about whether the *Rehaif* error prejudiced him. *Id.* To show prejudice in the habeas context, "[t]he habeas petitioner must show not merely that the errors at trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (cleaned up).

Carson has made no effort to show that he suffered prejudice from the *Rehaif*

6

error. He has not alleged that, at the time he possessed the firearm, he did not know he had been convicted of an offense punishable by imprisonment for a term exceeding one year. *See Greer*, 141 S. Ct. at 2098 ("[N]either [defendant] has argued or made a representation that they would have presented evidence at trial that they did not in fact know they were felons when they possessed firearms."). It is not surprising that Carson has not made that allegation because he has at least six prior convictions for offenses that were not only *punishable* by imprisonment for a term exceeding one year, but for which he *received* sentences of more than one year. *See* PSR ¶ 43 (YOA sentence of 1–6 years); PSR ¶ 50 (imprisonment sentence of 3 years suspended to 6 months house arrest and 2 years probation, with probation later revoked for 2 years); PSR ¶ 51 (imprisonment sentence of 9 years suspended to 9 months imprisonment and 5 years probation, with probation later revoked for 30 months); PSR ¶ 52 (imprisonment sentence of 29 months); PSR ¶ 53 (imprisonment sentence of 4 years); PSR ¶ 55 (imprisonment sentence of 10 years suspended to 4 years imprisonment and 3 years probation).

Carson also does not allege that he would not have simply admitted the knowledge-of-status element, just as he did the fact-of-status element, and would have instead proceeded to trial. In light of his criminal history, he would have good reason to admit that element. If he did not, he would have had to proceed to trial, resulting in him losing the benefit he received by pleading guilty, including a Guidelines reduction for acceptance of responsibility. At trial, the Government likely would have put up specific evidence about his prior felony convictions, the sentences

7

he received, and the prison time he served. This evidence, which would have been used to show that he knew he was a felon when he possessed the firearms, would have shown that his firearm possession came after he received sentences of more than one year in prison on numerous occasions for a variety of convictions, including two for aggravated assault and two for burglary. *See Greer*, 141 S. Ct. at 2097 ("[A]bsent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon."); *United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021) (concluding that where a defendant actually served sentences longer than one year, it is "virtually impossible to believe he did not know he had been convicted of crimes punishable by such sentences"). Admitting that he knew he had a prior felony conviction would have preserved the benefits he received by pleading guilty and would have prevented a jury from hearing details about the number or type of his prior convictions, how long his sentences were, and how long he actually served. Thus, because the *Rehaif* error did not "work[ ] to his actual and substantial disadvantage," he has not demonstrated prejudice. *Murray*, 477 U.S. at 494.

Because Carson has neither alleged that he would have raised the *Rehaif* argument at trial nor would there have been a factual basis for him to do so, the Court does not have "grave doubt" about whether the *Rehaif* error prejudiced him. *Davis*, 576 U.S. at 267–68. Accordingly, his petition will be dismissed on the merits.

### III. Conclusion

Because the Court agrees with the Report's conclusion that the petition should

be dismissed, the Report, ECF No. 9 (21-01467), is **ACCEPTED AS MODIFIED** for the reasons set forth in this order. This action is hereby **DISMISSED**.

    **IT IS SO ORDERED.**[5]

                                               *s/ Terry L. Wooten*
                                               Terry L. Wooten
                                               Senior United States District Judge

March 29, 2022
Columbia, South Carolina

---

[5] Unlike in a § 2254 or § 2255 proceeding, it is not necessary for a petitioner to obtain a certificate of appealability to appeal an order dismissing a § 2241 petition. *Sanders v. O'Brien*, 376 F. App'x 306, 307 (4th Cir. 2010).